**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSHUA KWASNY, Administrator of the Estate of DELORES KWASNY,<br><br>Plaintiff,<br><br>v.<br><br>WALMART SUPERCENTER and WAL-MART STORES EAST, LP,<br><br>Defendants. | CIVIL ACTION- LAW<br><br>JUDGE:__________________<br><br>ELECTRONICALLY FILED |

## NOTICE OF REMOVAL

AND NOW, Defendants, Walmart Supercenter and Wal-Mart Stores East, LP, through their counsel, Thomas, Thomas & Hafer LLP, and hereby file this Notice of Removal based upon the following:

1. On October 16, 2026, Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case ID No. 261002374. (See Exhibit A)

2. Plaintiff named the following Defendants in this action: Walmart Supercenter and Wal-Mart Stores East, LP.

3. Defendants received a copy of the as-filed Complaint on October 19, 2026 via email.

4. Plaintiff resides in Fayette County and has an address of 2009 3rd Street, Cardale, PA 15420.

5. Defendant, Wal-Mart Stores East, LP is a foreign limited partnership formed in Delaware, with a principal place of business in Bentonville, Arkansas.

6. Defendant, Wal-Mart Stores East, LP does business as Walmart Supercenter with an address at 355 Walmart Drive, Uniontown, PA 15401.

7. Walmart Supercenter is a fictitious name with the correct interested party being Wal-Mart Stores East, LP.

8. The partners of Wal-Mart Stores East, L.P. are WSE Management, LLC (general partner) and WSE Investment, LLC (limited partner). Both are Delaware limited liability companies with principal places of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company with a principal place of business in Bentonville, Arkansas. Finally, the sole shareholder of Wal-Mart Stores East, LLC is Wal-Mart Inc., a Delaware corporation with a principal place of business in Arkansas. Accordingly, no partner or controlling entity of Defendant Wal-Mart Stores East, L.P. is a citizen of or has a principal place of business in the Commonwealth of Pennsylvania.

9. Accordingly, Defendants aver that the Defendants in this matter, including any members or partners, are not citizens of, nor do they have a principal place of business in, the Commonwealth of Pennsylvania.

10. Plaintiff's Complaint seeks an award in excess of the arbitration limits of and in excess of the Federal Court jurisdictional limits for cases based in diversity jurisdiction. Id.

11. Plaintiff alleges in his Complaint that Decedent-Plaintiff, Delores Kwasny, sustained head injury, concussion and related symptoms, traumatic brain injury and related symptoms, neck injury, back injury along with severe shock to her cells, tissues, organs and organ systems all of which contributed to her sudden and untimely death and other ills and injuries. Id.

12. Consequently, a fair reading of the Complaint, the allegations of damages asserted therein establish that the amount in controversy in the underlying action is believed to exceed $75,000, exclusive of interest and costs.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332, and the case is removed to this Court pursuant to 28 U.S.C.A. §1441(b). This Notice is filed timely under 28 U.S.C.A. §1446(b), in that less than 30 days have passed since Defendants were served with a copy of the initial pleading setting forth the Plaintiff's claim for relief.

14. Written notice of filing of this Notice of Removal shall be given to all parties as required by 28 U.S.C.A. §1446(b).

15. A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Philadelphia County, Pennsylvania, as required by 28 U.S.C.A. §1446(d).

WHEREFORE, Defendants, Walmart Supercenter and Wal-Mart Stores East, LP, respectfully requests that this action be removed to this Honorable Court.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Paul B. Alexander, Esquire
Four Penn Center, Suite 1060
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103
267.861.7587
palexander@tthlaw.com

*Counsel for Defendants*
*Walmart Supercenter and Wal-Mart Stores East, LP*

Date: November 4, 2026

# **EXHIBIT "A"**

**MORGAN & MORGAN, PLLC**
**Eli S. Levine, Esquire**
elevine@forthepeople.com
Identification No. 309475
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
445-201-8595 (Phone)
445-201-8695 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the
Office of Judicial Records
16 OCT 2026 04:48 pm
A. ROBINSON

| | |
|---|---|
| **JOSHUA KWASNY, Administrator of the Estate of, DELORES KWASNY**<br><br>Plaintiff,<br>v.<br>**WALMART SUPERCENTER**<br>355 WALMART DRIVE<br>UNIONTOWN, PA 15401<br>&.<br>**WAL-MART STORES EAST LP**<br>1200 SOUTH PINE ISLAND ROAD<br>PLANTATION FL 33324<br><br>&.<br>**JOHN DOE 1-10**<br>Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>No.<br><br>COMPLAINT |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or Premises or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O**

**FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Centre County Bar Association
LAWYER REFERRAL & INFO.
192 Match Factory Place
Bellefonte, PA 16823
(814) 548-0052

**LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociacion de Licenciados de Centre
Servicio de Referencia e Informacion
192 Match Factory Place
Bellefonte, PA 16823
(814) 548-0052

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Joshua Kwasny, Administrator of the Estate of, Delores Kwasny, Abeer Ellabban, (Joshua Kwasny, Administrator of the Estate of, Delores Kwasny, hereinafter referred to as "Admin Plaintiff"; decedent Delores Kwasny hereinafter referred to as "Decedent Plaintiff"; hereinafter collectively referred to as "Plaintiffs") is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart Super Center, is a business entity operating under the laws of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part, located at or near 355 Walmart Drive., Uniontown, PA 15401 (hereinafter preferred to as the "Premises").

3. Defendant, Wal-Mart Stores East LP is a business entity operating under the laws of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part.

4. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to Plaintiff despite good faith efforts to ascertain said information; Defendant JD is averred to be a fictious name of the entity which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or

in part.

5. At all times material hereto, the above identified defendants (hereinafter collectively referred to as the "Defendants") acted by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives for the care, control, and/or safety of the Premises in whole or in part.

6. On or about October 21, 2024, Decedent Plaintiff was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence and/or carelessness and/or recklessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, Decedent Plaintiff was hit on the head and/or upper back and neck area of her body by a heater and/or other object that fell from a shelf.

7. As a direct and proximate result of Defendants negligent and/or careless conduct, jointly and/or severally, as described elsewhere in this Complaint, Decedent Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head injury, concussion and related symptoms, traumatic brain injury and related symptoms, neck injury, back injury along with a severe shock to her cells, tissues, organs and organ systems all of which contributed to her sudden and untimely death; and other ills and injuries, all to Plaintiffs great loss and detriment.

8. As a result of these injuries, all of which are to Plaintiffs great financial detriment and loss, Decedent Plaintiff suffered great pain, anguish, sickness and agony up until her death.

9. As an additional result of the negligence and/or carelessness and/or recklessness of

the Defendants, jointly and/or severally Decedent Plaintiff suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; inability to engage in activities of daily living; and physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress, all until Decedent Plaintiff's death.

10. Furthermore, in addition to all the injuries and losses suffered, Decedent Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which

11. Plaintiffs have not been reimbursed and upon which the Plaintiffs make a claim for payment in the present action.

12. As a further result of the injuries sustained, Decedent Plaintiff underwent a great loss of earnings and/or earning capacity, all to the further loss and detriment of the Plaintiffs.

**COUNT I**
**SURVIVAL ACTION**

**JOSHUA KWASNY, ADMINISTRATOR OF THE ESTATE OF DELORES KWASNY, DECEDENT v. WAL-MART SUERCENT, WAL-MART STORES EAST, L.P., and JOHN DOE 1-10**

13. The Plaintiffs herein incorporates by reference paragraphs1 through 39 inclusive as fully as though they were here set forth at length.

14. The Plaintiffs, bring this action on behalf of decedent under and by virtue of the laws of the Commonwealth of Pennsylvania, 20 Pa.C.S.A. Section 3373 and 42 Pa.C.S.A. Section 8302.

15. The Admin Plaintiff, Joshua Kwasny, as Administrator of the Estate of Delores Kwasny, decedent, resides at 2009 3rd St., Cardale, PA 15420.

16. Decedent Plaintiff's death resulted from the negligence and/or carelessness and/or recklessness of Defendants, jointly, severally, and/or singularly.

17. The heater and/or other object at issue herein that fell and violently struck Decedent Plaintiff was in no way due to any act or failure to act on the part of Plaintiffs.

18. The negligence and/or carelessness and/or recklessness of Defendants jointly, severally, and/or singularly by and through their agents, servants, employees, officers, bartenders, cocktail servers, waiters and waitresses, beverage servers, staff, administrators, managers, and security personnel breached a legal duty owed to lawful business invitees by committing one or more of the following negligent and/or careless and/or reckless acts and/or omissions:

a) failing to exercise the proper care, custody and control over the subject Premises;

b) failing to adequately train, plan, and supervise persons involved in stocking shelves;

c) Permitting the subject employee to stock the heater and/or other object at issue despite knowing, or having reason to know, that he/she would not do so safely creating a safety hazard to people shopping at the subject Premises.

d) failing to prevent and/or remove a dangerous condition on the subject Premises;

e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject Premises, frequently in use by workers and open to invitees such as the Plaintiff;

f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;

g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous

conditions on the subject Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the subject Premises;

i) failing to remove the dangerous and hazardous condition from the subject Premises;

j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous conditions on the subject Premises;

k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l) failing to exercise reasonable care for the safety of the Plaintiff;

m) permitting and allowing persons, such as Plaintiff, to move about in the area of where the heater and/or other object was improperly shelved when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;

n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises; and

o) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the subject Premises, but failing to remedy a dangerous and hazardous condition on the subject Premises despite having sufficient time to do so.

19. As a direct and proximate result cause of the aforementioned acts of negligence and/or carelessness and/or recklessness of the Defendants, the Decedent Plaintiff suffered and the Defendants are liable for the following damages:

a. Decedent Plaintiff's pain and suffering at the time of her injuries through death;

b. Decedent Plaintiff's total estimated future earning power, less her estimated cost

of personal maintenance;

c. Decedent Plaintiff's loss of retirement and social security income;

d. Decedent Plaintiff's other financial losses suffered;

e. Decedent Plaintiff's loss of enjoyment of life.

WHEREFORE, the Plaintiff, Joshua Kwasny, Administrator of the Estate of Delores Kwasny, Decedent, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, jointly, severally, and/or singularly in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT II**
**WRONGFUL DEATH**

**JOSHUA KWASNY, ADMINISTRATOR OF THE ESTATE OF DELORES KWASNY, DECEDENT v. WAL-MART SUERCENT, WAL-MART STORES EAST, L.P., and JOHN DOE 1-10**

20. Plaintiffs herein incorporates by reference paragraphs1 through 19 inclusive as fully as though they were here set forth at length.

21. Plaintiffs brings this action on behalf of the survivors of the decedent under and by virtue of the laws of the Commonwealth of Pennsylvania, 42 Pa.C.S.A. Section 8301 and Pennsylvania Rule of Civil Procedure 2202(a).

22. In addition to Admin Plaintiff, Plaintiff's Decedent left surviving his children who are entitled to recover damages on his behalf.

23. The Admin Plaintiff, Joshua Kwasny, as Administrator of the Estate of Delores Kwasny, Decedent, brings this action on behalf of decedent under and by virtue of the laws of the

Commonwealth of Pennsylvania, 20 Pa.C.S.A. Section 3373 and 42 Pa.C.S.A. Section 8302.

24. The Admin Plaintiff, Joshua Kwasny, as Administrator of the Estate of Delores Kwasny, decedent, resides at 2009 3rd St., Cardale, PA 15420.

25. The other persons eligible to recover damages from any wrongful death recovery on behalf of Plaintiff's Decedent are Jessica Anne Abbey – 45 Lemon Street, Uniontown, PA 15401; Leslie Marie Abbey – 115 Ohio Street, Monongahela, PA 15063

26. Admin Plaintiff claims damages for pecuniary loss suffered by decedent's survivors by reason of her death as well as reimbursement for medical bills, funeral expenses and other expenses incurred in connection herewith.

27. As a result of the death of Decedent Plaintiff, her survivors have been deprived of the earnings, maintenance, guidance, support and comfort they would have received from her for the rest of his natural life.

28. At no time during his lifetime did Decedent Plaintiff bring an action for her personal injuries and no other action for her death has been commenced against the Defendants herein.

WHEREFORE, the Admin Plaintiff, Joshua Kwasny, as Administrator of the Estate of Delores Kwasny, decedent, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants, jointly, severally, and/or singularly in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

**COUNT III**
**PREMISES LIABILITY / PERSONAL INJURY**
**JOSHUA KWASNY, ADMINISTRATOR OF THE ESTATE OF DELORES KWASNY, DECEDENT v. WAL-MART SUERCENT, WAL-MART STORES EAST, L.P., and JOHN DOE 1-10**

29. Plaintiffs incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

30. The negligence and/or carelessness and/or recklessness of Defendants, jointly, severally, and/or singularly, and acting singularly and/or by and through Defendants agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise the proper care, custody and control over the subject Premises;

b) failing to adequately train, plan, and supervise persons involved in stocking shelves;

c) Permitting the subject employee to stock the heater and/or other object at issue despite knowing, or having reason to know, that he/she would not do so safely creating a safety hazard to people shopping at the subject Premises.

d) failing to prevent and/or remove a dangerous condition on the subject Premises;

e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the subject Premises, frequently in use by workers and open to invitees such as the Plaintiff;

f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;

g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the subject Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the subject Premises;

i) failing to remove the dangerous and hazardous condition from the subject Premises;

j) failing to implement and enforce policies and procedures for the inspection, removal,

and maintenance of dangerous and hazardous conditions on the subject Premises;

k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;

l) failing to exercise reasonable care for the safety of the Plaintiff;

m) permitting and allowing persons, such as Plaintiff, to move about in the area of where the heater and/or other object was improperly shelved when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;

n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises; and

o) appreciating the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the subject Premises, but failing to remedy a dangerous and hazardous condition on the subject Premises despite having sufficient time to do so.

WHEREFORE, the Admin Plaintiff, Joshua Kwasny, as Administrator of the Estate of Delores Kwasny, decedent, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, including punitive damages from the Defendants jointly, severally, and/or singularly, in an amount in excess of $50,000.00, under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

.

**MORGAN & MORGAN, PLLC**

Dated: October 16, 2026

**By: /s/ Eli S. Levine**
**ELI S. LEVINE, ESQUIRE**
**Attorney for Plaintiff**

## VERIFICATION

I, Joshua Kwasny,as Administrator of the Estate of Delores Kwasny, decedent, hereby state that I am the Plaintiff, that I have reviewed the foregoing document, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

**Date:** ________________

**By:**________________________
**Joshua Kwasny, Administrator of the Estate of, Delores Kwasny, Decedent**